May please the court, Craig Weiner interfering on behalf of the appellant, Daniel E. Gibson. Mr. Gibson's sentence was enhanced under the Armed Career Criminal Act and we believe this was improper because his prior convictions did not meet the statutory definition of either serious drug offense, and that's Mr. Gibson's Oregon manufacturing and delivery convictions, or the statutory definition of violent felony, referring to Mr. Gibson's assault three conviction. Turning first to the delivery and manufacturing convictions, the reason they do not qualify as serious drug offenses under the Armed Career Criminal Act is the maximum term of imprisonment prescribed by law was not 10 years or more under Oregon statutory law or the Oregon sentencing guidelines. So the question, in our view, is what does Oregon law prescribe for a manufacturing and delivery conviction? In Oregon, since 1989, Oregon has used a determinate sentencing system. The district court in this case referred to a statute, Oregon Revised Statute 161.605, passed in 19 or enacted in 1971 when Oregon operated under an indeterminate sentencing system. That changed in 1989. Counsel, there have been a whole series of cases in which this court has looked at the state statute in Oregon and not at the state sentencing guidelines in determining a variety of issues, such as what is the maximum available sentence, cases like Moreno-Hernandez. How would you distinguish those cases or assert that they're not applicable here? The way I would distinguish those, Judge Graber, is to look at the different language in serious drug offense. The language that Congress used to define serious drug offense is an offense under state law for which the maximum term of imprisonment of 10 years or more is prescribed by law. They use that term, prescribed by law. That term is not used in any other case that I'm aware of that this court has interpreted, whether an offense is a predicate, whether for ACC purposes, like for Murillo, for example, or for guideline purposes, like the case the court just referred to, Moreno-Hernandez. So we're talking about different statutory language. But what is, it's different, but I don't understand why it makes a difference analytically. What is it about the words that would require a different result? Well, I first referred to basic rules of statutory construction, which says that if Congress uses different terms in the same statute, different meetings were intended. So using language like prescribed by law under basic rules of statutory construction has to mean something different than the way Congress defined violent felony in the same statute, ACC, as crime punishable by imprisonment for a term exceeding one year. It seems to me you can't say that this is a distinction without a difference. Well, it seems even more likely that prescribed by law relates to statute than punishable. Punishable sounds like more actual punishment, and prescribed by law sounds like what the legislature decides. So if there's a mistake, it might be in the other cases. Well, I think we're all bound by what this court has decided. For example, Murillo, interpreting the identical language. I guess what I'm suggesting is that this one seems even more clear, just to me, I'm not speaking for anyone else, to refer to the statute than does the other formulation. Well, if you look, again, at the Oregon sentencing scheme, which I will admit can be complicated. You have to go through a lot of different rules and regulations and statutes. But the Oregon law, and again, what I'm saying is it seems to me the language prescribed by law requires us to look at all of the Oregon law, not just look to the statutory maximum provided by an indeterminate sentencing statute that Oregon does not operate under anymore, at least insofar as in 1971, when that statute was passed, Oregon had an indeterminate sentencing system. And since 1989, Oregon has had a determinate sentencing system. And the Oregon law says the determinate sentence shall be the sentence subject to two exceptions. One, if there's a mandatory minimum statute, if that is greater than the guideline sentence, then you oppose the mandatory minimum sentence. And the second exception is if a judge finds there's grounds for an upward departure. They're called durational departures in Oregon, which is capped by, again, Oregon law, which has the force of statutory law. It's capped at double the presumptive term under the Oregon guidelines. For manufacturing and delivery convictions in Oregon, the Oregon legislature has said that no defendant can receive a sentence higher than Crime Serious 8. Their guideline chart is similar to the federal guidelines in that they have a Crime Seriousness axis and they have a Crime – Criminal History axis.  Oregon legislature has capped a Crime Seriousness category for delivery and manufacturing at 8. The highest criminal history category in Oregon is A. That presumptive sentence is 41 to 45 months. This is now for anyone. I'm not talking about the particular facts of Mr. Gibson's case. I'm talking about the worst-case scenario for any defendant in Oregon. Oregon law then says a judge finds substantial and compelling reasons. It can depart. But Oregon law uses the mandatory language shall and says the departure is capped by double the presumptive term. So the maximum any defendant in Oregon can get for a manufacturing or delivery conviction under Oregon law is 90 months, double the presumptive term of 45 months. That is the maximum by statute, by guidelines, by force of law. So that 90-month sentence is in essence – is not in essence – is prescribed by law. In Oregon, no one can get more than 90 months, and that, of course, is 30 months less than the definition of serious drug offense in federal law in the Armed Career Criminal Act, which is 120 months. So no defendant, including Mr. Gibson, could have received under Oregon law a sentence in which the maximum term of imprisonment exceeds 120 months. So he is not – he does not qualify. His two prior convictions for manufacturing delivery are not ACC predicates. I want to save a little time for rebuttal. I would just like to, in passing, refer to our second argument. Well, let me just say about the second argument that we have a case in the bank involving the application of Leocal to the – whether it's a violent felony, whether drunk driving is a violent felony. And I think probably we're going to have to defer any determination of that question until a bank decision is issued. So I wouldn't worry too much about it at the moment. All right. Well, I won't. Thank you for pointing that out to me. I have two minutes left. Unless the Court has any questions, I'll save those for rebuttal. Thank you. Good morning. Good morning, counsel. May it please the Court, counsel, my name is Stephen Gunnels. I'm a Special Assistant United States Attorney, and I represent, in this case, the government, the appellee. This Court has already determined the correct analytical approach to deciding the issue before today. In the Moreno-Hernandez case, which the Court has mentioned earlier this morning, at least with regard to prior convictions antecedent to the DILTS II decision, which is December of 2004, Oregon felony convictions have as a maximum sentence possible a statutory maximum and not the maximum guideline sentence. Under the cases that have been cited by counsel as well as the government, Murillo, Moreno-Hernandez, Taylor, and Shepard, courts are required to use a categorical approach in determining whether prior offenses qualify as Armed Career Criminal Act predicates. That means that, from my understanding, that courts limit their review of those prior convictions to the fact of a conviction, that is, the judgment of conviction, if available, and the statute defining that offense. And courts are cautioned from getting into the minutia of State law that may distinguish one State statute from another. And it's the government's position that the rule that Mr. Gibson urges the Court to adopt today would require the Court to abandon that categorical approach with regard to this issue, the statutory maximum issue, and would require Federal prosecutors, Federal defense attorneys, Federal district court judges, Federal courts of appeals, to delve literally into the very arcane and minute details of various State sentencing guidelines. In this case, we are, in a sense, fortunate to have a defendant who had all three of his alleged predicate convictions in the State of Oregon, which makes it somewhat easier to discuss the matter. But, as this Court knows, many defendants travel from State to State. They get convictions in various States. And so one could envision having a district court in Oregon sitting and hearing about the defendant's previous convictions from Oregon, California, and Montana. And if the Court were to adopt the rule that the defendant urges, the district court would have to come to understand, in a way that I would urge is unreasonable, the various State sentencing guidelines regimes from all of those States. And it's not just three States, it's all 50 States, ultimately. It would require the Court, essentially, to relitigate sentencing proceedings from all of those States, probably in a more heated and aggressive fashion than was actually handled in the State courts themselves, because of the consequences of being found to be an armed career criminal. That, I believe, is an approach that Taylor and Shepard specifically direct the courts to avoid. The defendant, in this case, is seeking retroactive application of Blakeley to his prior convictions. That argument has been rejected in every court to consider it, including this court in the Murillo and Moreno-Hernandez case. In Murillo, the court held, with regard to a Section 922G, a felon in possession of a firearm conviction, that the maximum sentence was not the guideline sentence, the Washington State guideline sentence in that case, but was, in fact, the statutory maximum sentence of five years. In that case, the defendant had been convicted of two C felonies in the State of Washington. The maximum statutory sentence was five years, the maximum guideline sentence was 12 months. If the guideline sentence were to have been the sentence that mattered in determining whether that qualified as a predicate offense, Mr. Murillo would have avoided prosecution in federal court. In that case, was there a State statute that said you could not go above a certain maximum under the guideline, that you couldn't reach the State statutory maximum? Your Honor, I must admit I'm not familiar with Washington law as well as I am with Oregon law. I don't recall reading that in that case, though. I don't recall that there was such a statute. I am, as I mentioned, I'm a special assistant United States attorney, which means that I'm a State prosecutor as well as a federal prosecutor. Today I'm wearing my federal prosecutor hat, but most of the days of the week I wear the State prosecutor hat, so I deal with State sentencing guidelines daily, literally. But you do agree with counsel that under the State statute, you could not have received a higher sentence than double the guideline sentence? Your Honor, I agree with counsel that if, and I can't think of an exception to this, if a defendant were to go to trial and the State were to plead and prove aggravating factors, such as persistent involvement in criminal activity and so on, in State court, and the jury were to come back with a guilty verdict on a delivery charge with those aggravating factors, the most that the court could impose at sentencing on that charge would be 90 months' imprisonment. It would be the 45 months, which is an 8A on the guidelines, and 200 percent of that being 90 months. However, if a defendant were to plead guilty and enter into a stipulated sentence, the court could impose up to the statutory maximum. The defendant could stipulate to that statutory maximum. If, for example, the defendant had 10 counts in an indictment charging delivery of controlled substances on 10 different occasions, controlled purchases, for example, he would be facing 90 months on each count, potentially consecutively, if they occurred on different dates. A defendant could enter into an agreement with the district attorney, the prosecutor in the locality, in which he stipulated to a sentence of 10 years on one count or multiple counts concurrently. And that happens in the State of Oregon. That happens as a practice. Now, I realize that the fact that it happens doesn't mean that it's... Well, what it does mean, though, is that the statutory maximum still operates in some circumstances, and therefore it still exists. I mean, that's your point, right? That is my point. It still exists as a statutory maximum. The legislature has given permission for, in some cases, 10 years to apply. That is correct, Your Honor. And the Oregon Revised Statute, Section 161.605, sets those statutory maximum terms. Those statutory maximum terms have been on the books in Oregon since 1971 and remain to this date through amendments to the criminal code up until today's date. The Oregon Administrative Rules, which are the sentencing guidelines, the sentencing guidelines fall under the Oregon Administrative Rules, state that a guidelines departure sentence may not exceed the statutory maximum indeterminate sentence described in ORS 161.605. There are other limitations on the court, a sentencing court in the state of Oregon, but that is the cap for any sentence. And, frankly, even that cap isn't really a cap because if the court finds that the person is a dangerous offender or a sexually dangerous offender, the court can exceed even that sentence. But, Your Honor, you are correct that in Oregon, the maximum term of an indeterminate sentence in statute still has effect. Another way, I was thinking about this on the way up here, another way that a defendant can receive a sentence of more than 90 months on a delivery charge would be if he or she were to receive that 90-month sentence, then get out of prison, and on the first day of what is called post-prison supervision in Oregon, it would be similar to supervised release in the federal system, if that person were to violate in an egregious way, for example, gets out of prison the same day he starts up a methamphetamine laboratory, the parole board could then impose the remaining 36 months, I'm sorry, the remaining 30 months onto that offender and send him back into the prison system for a total of 120 months. Thank you. Thank you. Well, the last example is not a, not something happening in a judicial proceeding. It's something happening in an administrative proceeding by a parole board, post-prison supervision, it's a completely different mechanism. So I'm not sure that that falls into the definition of serious drug abuse. Well, the question is whether the legislature has authorized that in some situations a person actually can serve 10 years for having committed this crime. And if the answer is yes, there are some circumstances in which that can occur. Why isn't that statutory maximum still the maximum prescribed by law? Well, I disagree with the premise, and that is that the Oregon legislature has authorized that. If, again, you look at all of the different statutes, the Oregon legislature has not authorized that. It has placed these caps, particularly in drug offenses, and I think we're perhaps glossing over that. So counsel, if a person did what opposing counsel said, if they were facing 10 delivery charges and decided to plead to one of them and serve 10 years, are you saying that's illegal, that can't be done because the legislature doesn't allow a person to serve 10 years for that crime? I suppose hypothetically it could happen. Well, under Taylor, aren't we looking hypothetically? Well, I don't know why anybody would do that. Well, somebody might do that if they were facing 10 really strong charges. I mean, his point is you might get 90 months times 10, and maybe 120 is better than 90 times 10. Well, you know, it's like saying that because I have a client facing, you know, significant other problems in a federal case and the maximum penalty is five years, we can quietly agree to a higher sentence. No one's going to know about it. You can't quietly agree to more than the statutory maximum. No, you can't. But you can, the question here, counsel's representative, in fact, they do sometimes agree to the statutory maximum, and therefore it still is a statutory maximum. My response to that, Judge Reinhart, would be I think we need more anecdotal, more information than an anecdotal statement. Counsel, as much as I respect him, and I know he's a deputy district attorney in Oregon, it seems to me there should be something more than just an anecdotal. Well, there's the face of the statute. That's the something more. The statute says the maximum penalty for this is 10 years. That is an indeterminate sentencing statute that was enacted at a time when Oregon was in an indeterminate sentencing system. A lot of legislative action has come under the bridge since then, and if you look at the entire body of Oregon law, the maximum sentence for any defendant, the maximum sentence prescribed by law using the words it's a serious drug offense, that Congress passed, Congress enacted, the maximum sentence is 90 months. It's not 120 months. And, you know, perhaps, and this is the last point I wish to make, if there's a question about what Oregon law is in this regard, I would suggest and ask the Court to consider certifying the question to the Oregon Supreme Court. These are very important cases in Oregon. The U.S. Attorney's Office uses manufacturing delivery convictions in Oregon as predicate offenses. Not only Mr. Gibson, but I have three or four other clients who are only subject to the enhanced sentence under the Armed Career Criminal Act if Oregon priors count. And if the Court doesn't feel that the Oregon law is settled enough to answer this question, it seems to me that we should ask the Oregon courts for an answer because it affects the lives of many, many people. Thank you, Justice. Thank you. The case just argued is submitted. The next case for oral argument is United States v. Perry. Thanks.
judges: Reinhardt, Graber, Lew